**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL ACTION NO. 4:22-CR-00200- |
| | § ALM-AGD-1 |
| LUIS FREDI RODRIGUEZ-RODRIGUEZ | § |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Luis Fredi Rodriguez-Rodriguez's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on December 15, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by William Kennedy. The Government was represented by Maureen Smith.

Defendant was sentenced on March 24, 2024, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Illegal Alien in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category III, was 24 to 30 months. Defendant was subsequently sentenced to 30 months imprisonment followed by a 3 year term of supervised released subject to the standard conditions of release plus special conditions to include deportation, financial disclosure, and no alcohol consumption. This case was ordered to run concurrently to any term of supervision imposed in Docket No. 075174 in the 397th Judicial District Court of Grayson County, Texas. Pursuant to a Standing Order for United States Senior District Judge Richard A. Schell, signed June 13, 2023, this case was reassigned to Chief U.S. District Judge Amos L. Mazzant, upon the

completion of sentencing and after entering of the judgement and the statement of reasons. On August 19, 2024, Defendant completed his period of imprisonment and began service of his supervision term. Defendant was deported from the United States on August 27, 2024. (Dkt. #53, Sealed).

On September 9, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #39). The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) <u>Special Condition</u> As a condition of supervised release, immediately upon release from confinement, Defendant must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, Defendant must remain outside of the United States. In the event Defendant is not deported, or for any reason re-enters the country after having been deported, Defendant must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country; (2) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime. (Dkt. #39).

The Petition alleges that Defendant committed the following acts: (1) On August 24, 2025, Defendant's name was ran by an officer with the Denison, Texas, Police Department, after Defendant's vehicle was hit during a motor vehicle crash. His information was ran in an attempt to locate a driver's license or identification number, as Defendant was unable to provide the requested information. On August 27, 2025, the reporting officer confirmed he had contact with Defendant on August 24, 2025. This was verified via body camera footage. As such, Defendant has failed to remain outside the United States after having been deported to Mexico

on August 27, 2024 and has failed to report to the U.S. Probation Office within 72 hours of his re-entry into the country; (2) On or about August 24, 2025, after previously being deported by the Bureau of Immigration and Customs Enforcement (ICE) to Mexico on August 27, 2024, Defendant was fond unlawfully in the United States in Grayson County, Texas, in the Eastern District of Texas in violation of Title 8 U.S.C. § 1326(a). As of this writing, no formal charges have been filed.

Prior to the Government putting on its case at the final revocation hearing, and after consenting to the undersigned's taking the plea, Defendant admitted as true the allegations as set forth in the Petition. Based upon Defendant's plea of true, the court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's Petition. Counsel announced the parties had agreed upon the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended sentence be imposed as follows.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eight (8) months, followed by a one (1) year term of supervised release, subject to the following conditions.

While on supervised release, Defendant must not commit another federal, state, or local crime and must comply with the standard conditions that have been adopted by this Court in General Order 17-03. In addition, Defendant must comply with all applicable mandatory conditions and the following special conditions. Defendant must provide the probation officer with access to any requested financial information for purposes of monitoring sources of income.

Immediately upon release from confinement, Defendant must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, Defendant must remain outside of the United States. In the event Defendant is not deported, or for any reason re-enters the country after having been deported, Defendant must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country. Defendant must not possess or consume any alcoholic beverages.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Seagolville, Texas, if appropriate.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

SIGNED this the 16th day of December, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE